## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on May 5, 2015

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| ANTHONY BURNS, | : | VIOLATIONS: |
| GREGORY HULL, | : | 18 U.S.C. § 1951 |
| | : | (Interference with Interstate |
| Defendants. | : | Commerce by Robbery) |
| | : | 18 U.S.C. § 924(c)(1)(A) |
| | : | (Using, Carrying, and Possessing a |
| | : | Firearm During a Crime of Violence) |
| | : | 18 U.S.C. § 922(g)(1) |
| | : | (Unlawful Possession of a Firearm and |
| | : | Ammunition by a Person Convicted of a |
| | : | Crime Punishable by Imprisonment for a |
| | : | Term Exceeding One Year) |
| | : | |
| | : | FORFEITURE: |
| | : | 18 U.S.C. § 981(a)(1)(C) and § 924(d) |
| | : | 28 U.S.C. § 2461(c); and |
| | : | 21 U.S.C. § 853(p) |

## **I N D I C T M E N T**

The Grand Jury charges that:

### **COUNT ONE**

On or about November 27, 2015, in the District of Columbia, defendants, **ANTHONY BURNS** and **GREGORY HULL**, did unlawfully obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendants **ANTHONY BURNS** and **GREGORY HULL** while armed with firearms, did unlawfully take and obtain personal property consisting of United

States currency and shoes belonging to the City Beats Shoe Store located at 3014 B Martin Luther King, Jr., Avenue, S.E., Washington, DC, from the custody and possession of employees of that store, against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, while the employees were engaged in commercial activities as employees of City Beats Shoe Store, a business that was engaged in and that affects interstate commerce.

>(**Interference with Interstate Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951)

## COUNT TWO

On or about November 27, 2015, within the District of Columbia, defendants **ANTHONY BURNS** and **GREGORY HULL** did unlawfully and knowingly use, carry and brandish, during and in relation to, and possess firearms in furtherance of, a crime of violence, for which they may be prosecuted in a court of the United States, that is, Interference with Interstate Commerce by Robbery, as alleged in Count One of this Indictment.

>(**Using, Carrying, and Possessing a Firearm During a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A))

## COUNT THREE

On or about December 29, 2015, within the District of Columbia, **ANTHONY BURNS**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case No. 2011-CF2-19533, did unlawfully and knowingly receive and possess a firearm, that is a Taurus Model PT738, .380 caliber pistol, and did unlawfully and knowingly receive and possess ammunition, that is .380

caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

      (**Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## FORFEITURE ALLEGATION

    1.    Upon conviction of the offense alleged in Count One this Indictment, the defendants shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to this offense.

    2.    Upon conviction of either of the offenses alleged in Counts Two and/or Three of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to a Taurus Model PT738, .380 caliber pistol and .380 caliber ammunition.

    3.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property that cannot be divided without difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

>   (**Criminal Forfeiture**, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 924(d), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))

A TRUE BILL:


FOREPERSON.


Attorney of the United States in
and for the District of Columbia.